IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALYSSA STRICKLING; and CASSANDRA SOWDERS, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:21-cv-139 |
| v. | |
| JOSUE D. QUILES; HORIZON SOUTH, INC.; HORIZON FREIGHT SYSTEM, INC.; and OLD REPUBLIC INSURANCE CO., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion to Remand, (doc. 7). Plaintiffs filed this civil action in the State Court of Chatham County seeking damages they claim to have suffered as the result of an automobile collision. (Doc. 1-1, pp. 3–7.) After being served with the lawsuit, Defendant Old Republic Insurance Co. ("Old Republic") removed the case to this Court. (Doc. 1.) In response, Plaintiffs filed the present motion, seeking to have the case remanded back to the state court. (Doc. 7.) All four Defendants jointly filed a Motion for Leave to Amend Notice of Removal, (doc. 13), which, after being fully briefed by the parties, has recently been denied per Order of the Magistrate Judge, (doc. 24). The Motion to Remand has also been fully briefed, (see docs. 14, 16), and, for the reasons explained more fully below, the Court **DENIES** Plaintiffs' Motion to Remand. (Doc. 7.)

BACKGROUND

In March of 2021, Plaintiffs filed suit against Defendants Old Republic, Josue Quiles, Horizon South Inc. ("Horizon South"), and Horizon Freight System, Inc. ("Horizon Freight") in

the State Court of Chatham County to recover for damages they allegedly suffered as a result of a motor vehicle accident. (Doc. 1-1, pp. 4–12.) Defendant Old Republic was served on April 5, 2021. (Doc. 1-1, p. 19.) Plaintiffs assert (in their Motion to Remand) that Defendant Quiles was served on April 10, 2021, but they do not point the Court to any actual proof of that service. (Doc. 7, p. 1.) Similarly, no evidence or specific information has been offered regarding the timing or method of service as to Defendants Horizon South and Horizon Freight. Regardless, however, it is undisputed that all Defendants were served prior to removal of the case; indeed, on May 4, 2021, all parties jointly filed a Stipulation of Service and Extension of Time to Answer (the "Stipulation"), which acknowledged that all Defendants had "received valid and sufficient service of process of the . . . action." (Doc. 14-1, p. 2.) The Stipulation was signed by one attorney on behalf of the Plaintiffs and one attorney on behalf of all four Defendants. (Id.)

On May 5, 2021, Old Republic removed the case to this Court on the basis of diversity jurisdiction.[1] (Doc. 1.) In the Notice of Removal, Old Republic stated—accurately—that Defendant Quiles had been personally served, but also stated—inaccurately—that, "[u]pon information and belief, Defendant Horizon South Inc. and Defendant Horizon Freight System, Inc., ha[d] yet to be served in this action." (Id. at p. 2.) Old Republic's Notice of Removal was silent as to whether Quiles, Horizon South, or Horizon Freight consented to the removal of the case to this Court. (See generally id.) Following removal, on June 4, 2021, all four Defendants filed Answers, none of which contested the removal of the case or this Court's jurisdiction to hear the case. (Docs. 8–11.) Quiles, Horizon South, and Horizon Freight did not, however, file any formal notice explicitly stating that they consented to the removal.

---

[1] There is no dispute that diversity of citizenship exists between the parties or that the amount in controversy exceeds $75,0000. (See doc. 1, pp. 2–3; see generally doc. 7.)

2

The same day that Defendants filed Answers, Plaintiffs filed a Motion to Remand the action back to state court, alleging that the case had not been properly removed because there was no express indication that the non-removing Defendants, all of whom had been served prior to removal, had consented to the removal. (Doc. 7.) Defendants then jointly filed a Motion for Leave to Amend the Notice of Removal, "seek[ing] to amend the Notice to include more accurate statements regarding service upon, and the consent of, all four named Defendants in this action." (Doc. 13, p. 4.) According to Defendants "all four Defendants consent to the removal." (Id. at p. 5.) Plaintiffs opposed the Motion for Leave to Amend, (see doc. 15), and, following extensive briefing by the parties, (docs. 20, 22), the Magistrate Judge issued an Order denying Defendants' request for leave to amend the Notice of Removal, (doc. 24).

The Motion to Remand, however, remains pending. All four Defendants jointly filed a Response in opposition to the Motion to Remand, (doc. 14), and Plaintiffs filed a Reply, (doc. 16). The Motion for Remand is thus ripe for disposition.

## DISCUSSION

Actions initially filed in a state court may be removed to federal court in two circumstances: (1) where the claim presents a federal question or (2) where diversity jurisdiction exists. 28 U.S.C. § 1441(a–b); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Either one of these grounds will provide a district court with original federal subject matter jurisdiction over the case. 28 U.S.C. §§ 1331–32. Here, Old Republic removed the case to this Court on the basis of diversity jurisdiction and no party has disputed the existence of such jurisdiction.

For removal to be proper, however, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. § 1446(b)(2)(A). This removal condition is often referred to as the "unanimity rule." See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008). In their Motion to Remand, Plaintiffs argue that the unanimity rule has not been met because all Defendants had been served at the time of removal, but there was no indication (in the Notice of Removal or in some separate notice filed with the Court) that Quiles, Horizon South, and Horizon Freight joined in or consented to the removal.

Because removal jurisdiction creates significant federalism concerns, federal courts are generally directed to construe removal statutes strictly, with all doubts regarding jurisdiction being resolved in favor of remand. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Notwithstanding this general tenet, the United States Court of Appeals for the Eleventh Circuit, in a case involving similar facts, has held—albeit in an unpublished decision—that "[a] technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." Stone v. Bank of New York Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015) (acknowledging that the unanimity rule is to be strictly interpreted and enforced, but explaining that it was "not inclined to establish a wooden rule") (quoting Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 772 (1st Cir. 2009)). Based on the Eleventh Circuit's holding, the Court finds that any defect in Old Republic's Notice of Removal with respect to the unanimity rule was cured by the Defendants' joint Response to Plaintiffs' Motion to Remand, in which they expressly indicated their consent to removal. (Doc. 14, p. 5 ("Defendants also seek to clarify that *all four Defendants consent to the removal—a fact which was implied in the original Notice* (given it was clear and undisputed that the undersigned [attorney] indeed represents all named Defendants in this action), though not explicitly stated.")

4

(emphasis added).) See also In re: Kachkar, 769 F. App'x 673, 677 n.1 (11th Cir. 2019) ("Even if we assume, *arguendo*, that [one defendant's] absence was a procedural defect in removal, we conclude that [that defendant] cured the defect by later consenting to removal."); Flournoy v. Dowd, No. 3:21CV1032-TKW-EMT, 2021 WL 6328352, at *1 (N.D. Fla. Oct. 25, 2021) ("[B]ased on [Stone's] holding, the Court finds that any defect in the [defendants'] notice of removal with respect to the unanimity requirement was cured by [the non-removing defendant's] filing in response to Plaintiffs' motion to remand in which it expressly consented to removal."); Griffin v. Lowe's Cos., No. 6:18-cv-378-Orl-31TBS, 2018 WL 2676580, at *2 (M.D. Fla. Jun. 5, 2018) (denying motion to remand because, "based on the Eleventh Circuit's decision in Stone," the defendant's opposition to the motion effectively cured the defect created by its failure to consent to removal); Waldon v. ACE Am. Ins. Co., No. 1:16-CV-1608-AT, 2016 WL 10393763, at *2 (N.D. Ga. Aug. 19, 2016) ("This Court does not adopt a wooden rule here, either, though it, too[,] is mindful of the significant federalism concerns posed by removal jurisdiction.  Here, though, [the non-removing defendant's] implicit consent to removal in its Answer—filed 45 days after service of the Complaint—and [later] explicit consent both in its Notice of Consent and in its opposition to the Motion to Remand are sufficient to establish that the technical defect concerning the rule of unanimity has been cured in this case.").

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand. (Doc. 7.) The Court **LIFTS** the discovery stay, (see doc. 19), and reminds the parties of their obligation to confer and submit an amended Rule 26(f) report within fourteen days of the date of this Order, (see id.).

**SO ORDERED**, this 10th day of February, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA